CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 18 2006

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

|                          |   |                                          |
|--------------------------|---|------------------------------------------|
|                          | ) | Misc. Case No. 7:06-MC-00026             |
| IN RE: JOHN PAUL TURNER  | ) | MEMORANDUM OPINION & ORDER               |
|                          | ) |                                          |
|                          | ) | By: Hon. Michael F. Urbanski             |
|                          | ) | United States Magistrate Judge           |

This matter is before the court upon petitioner's motion to proceed in forma pauperis ("IFP") on appeal. The district court may deny a motion to proceed IFP when the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent ... [or] where there is clear indication that the conduct of an indigent appellant amount to a deliberate harassment of the courts or an intentional abuse of the judicial process." Liles v. South Carolina Dep't of Corrections, 414 F.2d 612, 614 (4th Cir. 1969).

By order dated September 8, 1997, the court ordered that, before Turner could file any future complaints without prepaying the filing fee, he would have to submit a "motion for leave to file and certificate of compliance" setting forth "in separate subparagraphs for each defendant the facts that the plaintiff believes entitle him to relief against the defendant and the basis for his belief that such facts exist." On May 9, 2006 Turner filed a motion for write of mandamus. The court dismissed this filing because it failed to comply with the 1997 pre-filing order.

Petitioner has now filed an appeal of the order dismissing this case and has made application to proceed IFP. Petitioner is well-aware of the pre-filing order and this is not his first case that has been dismissed as a result of his failure to comply.[1] Petitioner's instant appeal amounts to nothing

---

[1] See, In re: John Paul Turner (7:05-mc-00056) wherein the court dismissed petitioner's complaint for failure to comply with the pre-filing order and the U.S. Court of Appeals for the Fourth Circuit upheld that decision.

more than an abuse of the judicial system.[2] Accordingly, it is hereby **ORDERED** that petitioner's motion to proceed in forma pauperis on appeal shall be and hereby is **DENIED.**

The Clerk is directed to send certified copies of this order to petitioner and to counsel of record for the respondent.

ENTER: This 18 day of September, 2006.

United States Magistrate Judge

---

[2] In addition, petitioner has also failed to state any of the issues he intends to raise on appeal. Therefore, he has failed to comply with Rule 24(a)(1), Federal Rules of Appellate Procedure and his motions cannot go forward on the ground as well. Rule 24(a)(1) states:
(a) Leave to proceed in Forma Pauperis.
    (1) Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
        (A) shows in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay or to give security for fees and costs;
        (B) claims an entitlement to redress; and
        (C) states the issues that the party intends to present on appeal.

2